1  HILARY B. MUCKLEROY, ESQ., Bar # 9632
   AMY L. THOMPSON, ESQ., Bar # 11907
2  MGM RESORTS INTERNATIONAL
   6385 S. Rainbow Blvd, Suite 500
3  Las Vegas, NV 89118
   Telephone:    702.692.1959
4  Fax No.:      702.669.4501
   Email:        hmuckleroy@mgmresorts.com
5                abaker@mgmresorts.com

6  Attorneys for Defendant
   Mandalay Corp. d/b/a/ Mandalay Bay Resort and Casino
7

8                       UNITED STATES DISTRICT COURT

9                              DISTRICT OF NEVADA

10

11 | PAUL OPROMOLLO, an individual | Case No. 2:17-cv-01409-RFB-VCF

12 | Plaintiff,

13 | vs. | [PROPOSED] STIPULATION AND ORDER TO STAY DISCOVERY FOR A PERIOD OF 60 DAYS
14 | MANDALAY CORP. d/b/a MANDALAY BAY RESORT AND CASINO;
15 | DOES 1 through 10 inclusive; ROE CORPORATIONS/ENTITIES 1 through | [First Request]
16 | 10 inclusive,

17 | Defendants.

18
    Plaintiff Paul Opromollo ("Plaintiff") and Defendant Mandalay Corp. d/b/a Mandalay Bay
19
   Resort and Casino, by and through their counsel of record, hereby stipulate to stay discovery for a
20
   period of sixty (60) days.
21
    Counsel for Plaintiff and Defendant held a Rule 26(f) conference on August 3, 2017. In the
22
   Rule 26(f) conference, it was discussed and agreed that a stay of discovery was warranted in this
23
   matter in light of the parties having commenced settlement discussions which could result in early
24
   resolution of the matter.  Additionally Defendant has filed a Motion to Dismiss (ECF No. 6) that
25
   may result in dismissal of some or all of Plaintiff's claims.
26
    In assessing a request to stay discovery, the Court decides whether it is necessary to speed
27
   the parties along in discovery or whether it is appropriate to delay discovery and spare the parties the
28

associated expense. *Tradebay, LLC v. Ebay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). To make this assessment, the Court takes a "preliminary peek" at the merits of the purportedly dispositive motion, though, importantly, this "preliminary peek" does not prejudge the outcome of the motion, it merely evaluates whether an order staying discovery is warranted. *Id*. The merits of the pending motion will ultimately be determined by the District Judge who may have a different view than the Magistrate Judge. *Id*.

Defendant's Motion to Dismiss is the type warranting a stay of discovery as Defendant has sought to dismiss all of Plaintiff's claims. Accordingly, requiring the parties to conduct discovery on claims that may be dismissed and may not be curable by amendment would cause an unnecessary expense on the parties and potentially log the Court's docket with unnecessary discovery disputes on these claims. Additionally, because Defendant moved to dismiss the entire case, Plaintiff has not been apprised of which factual allegations Defendant intends to admit, and which Defendant intends to deny. Nor has Plaintiff been apprised of the defenses Defendant intends to assert. Plaintiff believes this would limit his ability to conduct full discovery while the Motion to Dismiss is pending.

Plaintiff disputes the arguments made in Defendant's Motion to Dismiss, but agrees that the motion is of the type warranting a stay of discovery. Moreover, the parties have commenced informal settlement discussions which may result in an early resolution of this case. This matter has also been set for an early neutral evaluation conference on August 9, 2017. The parties wish to divert efforts and resources toward the ENE before engaging in extensive discovery. Thus, it would be appropriate to spare the parties the burden and expense of discovery in light of these reasons. Therefore, the parties jointly request the Court stay discovery for sixty days.

The parties will re-visit the issue after sixty days to determine whether circumstances have changed that might warrant commencing discovery or continuing the stay. Accordingly, the parties request that discovery be stayed sixty days or until October 4, 2017, unless the Court rules on Defendant's Motion to Dismiss prior to that date. If the Court rules on the Motion to Dismiss prior to October 4, 2017, and the complaint is not dismissed in its entirety, the parties will submit a

stipulated discovery plan and scheduling order within 14 days of the Court's ruling on Defendant's Motion. If the Court does not rule on Defendant's Motion to Dismiss prior to October 4, 2017 the parties will conduct another discovery conference and either submit a stipulated discovery plan and scheduling order, or a proposed stipulation for an additional stay of discovery.

Dated: August 4, 2017

| MGM Resorts International | The Thater Law Group, P.C. |
|---|---|
| /s Amy Thompson | /s M. Lani Esteban-Trinidad |
| HILARY B. MUCKLEROY, ESQ.<br>AMY THOMPSON, ESQ.<br>MGM RESORTS INTERNATIONAL | M. LANI ESTEBAN-TRINIDAD, ESQ.<br>*Attorney for Plaintiff Paul Opromollo* |
| *Attorneys for Defendant*<br>*Mandalay Corp. dba Mandalay Bay* | |

IT IS SO ORDERED

Dated this 7th day of August 2017.

_____

United States Magistrate Judge

3.